UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                    Plaintiff,

        -against-

VERIZON COMMUNICATIONS INC.;
VERIZON WIRELESS; JOHN DOES 1-10,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/21/2026

26-CV-159 (GHW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GREGORY H. WOODS, United States District Judge:

Plaintiff brings this *pro se* action under the Rehabilitation Act, alleging that Defendants failed to accommodate his disability. Plaintiff sues Verizon Communications Inc. and Verizon Wireless, including 10 unidentified "John Doe" defendants. The Court liberally construes the complaint as asserting additional claims under Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). By order dated January 20, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons that follow, the Court dismisses the complaint for failure to state a claim, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that he has "documented medical impairments affecting cognition, vision, and executive functioning," although he does not provide any additional details, such as the names of the disabilities or how those disabilities substantially limit major life activities. (ECF No. 1, at ¶ 6.) He explains that he maintained a Verizon Wireless account while he was a student in New York City, and that in September 2025, he "transmitted a written notice to Defendants disclosing medical impairment and financial hardship and requesting appropriate consideration," although he does not explain

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

what accommodation he requested, if any. (*Id.* at ¶¶ 5, 12.) Plaintiff alleges that after he sent the notice of disability and financial hardship, Defendants never responded and continued to bill him for services rendered without engaging in an interactive process to identify potential accommodations. (*Id.* at ¶¶ 15-17.) He adds that he later communicated with "a Verizon executive representative" about the matter, but the representative did not acknowledge the disability notice and did not offer an accommodation. (*Id.* at ¶ 19.) Plaintiff concludes: "Although certain billing issues were later adjusted, Defendants never [a]cknowledged the original impairment notice; [c]larified accommodation status; or [i]mplemented safeguards to prevent repetition." (*Id.* at ¶ 24.)

## DISCUSSION

Plaintiff's claims appear to arise under the Rehabilitation Act and Title III of the ADA. Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted). The substantive standards for claims under the ADA and the Rehabilitation Act are substantially the same, *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016), although a claim under the Rehabilitation Act must be supported by evidence that the benefit is part of a "program

3

or activity receiving Federal financial assistance," *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

Plaintiff fails to state a claim under Title III of the ADA and the Rehabilitation Act. Although Plaintiff states that he is disabled, he neither identifies his disability nor sets forth any facts showing that his alleged disability "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see Bragdon v. Abbott*, 524 U.S. 624, 637-39 (1998) (concluding that asymptomatic human immunodeficiency virus, or HIV, is covered by the ADA because it "substantially limits" the person's ability to reproduce, which is a "major life activit[y]"). Because Plaintiff fails to include any facts showing that he is disabled or that his alleged disability substantially limits a major life activity, he fails to state a claim under the ADA or the Rehabilitation Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff fails to state a claim under Title III of the ADA and the Rehabilitation Act for an additional reason. The complaint suggests that Defendants failed to reasonably accommodate his alleged disability, but Plaintiff does not set forth facts showing that he requested an accommodation or, if he did, whether the requested accommodation was reasonable. "The ADA serves the important function of ensuring that people with disabilities are given the same opportunities and are able to enjoy the same benefits as other Americans. The ADA mandates reasonable accommodation of people with disabilities in order to put them on an even playing field with the non-disabled; it does not authorize a preference for disabled people generally." *Felix v. New York City Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003) (citing *Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)).

He alleges merely that he "transmitted written notice to Defendants disclosing medical impairment . . . and request[ed] appropriate consideration and relief." (ECF No. 1, at ¶ 12.)

Plaintiff's legal conclusion that his request was "appropriate" is the kind of "[t]hreadbare recital[] of the elements of a cause of action" that the Court need not accept at the pleading stage. *Iqbal*, 556 U.S. at 678. To the extent that Plaintiff seeks to show that Defendants acted with discriminatory intent by denying him a reasonable accommodation, he fails to allege that he requested an accommodation or describe the nature of the requested accommodation. *See* 42 U.S.C. § 12182(b)(2)(A)(ii); *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 848 F. Supp. 2d 460, 467 (S.D.N.Y. 2012) ("Reason dictates that in order for a defendant to be liable for discrimination 'on the basis of disability,' 42 U.S.C. § 12182(a), the defendant must have had adequate knowledge of the plaintiff's disability."). He therefore fails to state a plausible "reasonable accommodation" claim under Title III of the ADA or the Rehabilitation Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Title III of the ADA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered and to mail a copy of this order to Plaintiff by regular mail.

SO ORDERED.

Dated:    January 21, 2026
          New York, New York

_____
GREGORY H. WOODS
United States District Judge