USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                  :
AMARI J. MOODY,                                                   :
                                                                  :
                                        Plaintiff,                :            1:26-cv-159-GHW
                                                                  :
                        -v-                                       :            ORDER
                                                                  :
VERIZON COMMUNICATIONS INC., *et al.*,                            :
                                                                  :
                                        Defendants.               :
                                                                  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Plaintiff, proceeding *pro se*, filed this action on January 6, 2026.  Dkt. No. 1.  On that same day, Plaintiff filed a request to proceed *in forma pauperis*—*i.e.*, without paying the filing fee.  Dkt. No. 3.  Chief Judge Laura Swain—to whom this case was assigned—granted that request on January 20, 2026.  Dkt. No. 7.  On January 21, 2026, this Court, having been assigned this case, dismissed Plaintiff's complaint and granted Plaintiff leave to replead.  Dkt. No. 8.

In that order, the Court considered the facts Plaintiff pleaded in the complaint and found them deficient to state a claim on which relief could be granted.  *Id.*  Consistent with the solicitude due to *pro se* litigants, the Court considered whether the facts in the complaint that he pleaded stated a claim for relief under either the Rehabilitation Act—which Plaintiff named in the complaint—or Title III of the ADA.

The Court held that the facts in the complaint did not state a claim under either statute. Accordingly, the Court dismissed the complaint.  The Court did not close this case.  The Court also did not make any findings of fact—*i.e.*, whether the facts pleaded in the initial complaint were true or false.

The Court granted Plaintiff 30 days to amend the complaint to plead additional facts.  If Plaintiff still seeks to pursue the claims in the complaint, Plaintiff must amend the complaint and

add additional facts. The Court's January 21, 2026 identifies the factual deficiencies that must be cured before the Court will issue an order of service.

Plaintiff's filings after the Court granted leave to amend do not add additional facts. Instead, Plaintiff argues that the Court ignored the facts that are pleaded in the Complaint. *See, e.g.*, Dkt. No. 13 ("Plaintiff's claim is different: Defendants continued adverse actions after receiving disability notice while refusing to acknowledge or process that notice.").

Plaintiff's deadline to amend the complaint is extended from to April 1, 2026. Should Plaintiff fail to amend by that date, the Court will consider the motions under Federal Rule of Civil Procedure 60 pending at Dkt. Nos. 9, 13.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 10.

SO ORDERED.

Dated: March 6, 2026
       New York, New York

_____
GREGORY N. WOODS
United States District Judge

2