USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-v-

VERIZON COMMUNICATIONS INC., *et al.*,

Defendants.

1:26-cv-159-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff, proceeding *pro se*, filed this action on January 6, 2026. Dkt. No. 1. On that same day, Plaintiff filed a request to proceed *in forma pauperis*—*i.e.*, without paying the filing fee. Dkt. No. 3. Chief Judge Laura Swain—to whom this case was assigned—granted that request on January 20, 2026. Dkt. No. 7. On January 21, 2026, this Court, having been assigned this case, dismissed Plaintiff's complaint and granted Plaintiff leave to replead. Dkt. No. 8.

In that order, the Court considered the facts Plaintiff pleaded in the complaint and found them deficient to state a claim on which relief could be granted. *Id.* Consistent with the solicitude due to *pro se* litigants, the Court considered whether the facts in the complaint that he pleaded stated a claim for relief under either the Rehabilitation Act—which Plaintiff named in the complaint—or Title III of the ADA.

The Court held that the facts in the complaint did not state a claim under either statute. Accordingly, the Court entered an order that would dismiss the case. However, the Court did not close this case. The Court also did not make any findings of fact—*i.e.*, whether the facts pleaded in the initial complaint were true or false. Instead, the Court granted Plaintiff 30 days to amend the complaint to plead additional facts.

On March 6, 2026, the Court extended the deadline for Plaintiff to file an amended

complaint to April 1, 2026. Dkt. No. 16. In that order, the Court reminded Plaintiff that his filings Plaintiff's filings after the Court granted leave to amend do not add additional facts.

Since the Court issued its order in January, Plaintiff has filed a number of submissions that suggest that he wishes to enhance the factual allegations in the complaint—that is, that he wishes to present additional facts to the Court that support his claim or to frame the facts in his complaint in a way that may better satisfy the pleading standard. *See, e.g.*, Dkt. No. 13 ("Plaintiff's claim is different: Defendants continued adverse actions after receiving disability notice while refusing to acknowledge or process that notice.").

Because Plaintiff is proceeding *pro se*, the Court wishes to provide him with the opportunity to present any additional factual allegations that he may wish to present in an amended complaint. The amended complaint will replace the original complaint filed by him. Plaintiff may include in the amended complaint any facts that he wishes to present to support his claims. If Plaintiff amends the complaint, the Court will consider the allegations in the new complaint. The Court encourages Plaintiff to take advantage of the opportunity to amend the complaint so that the Court can evaluate his claims with the benefit of all of the allegations that Plaintiff wishes to present in support of his claims.

Plaintiff's deadline to amend the complaint is extended to November 1, 2026.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 9, 13, and 14.

SO ORDERED.

Dated: September 1, 2026
New York, New York

GREGORY H. WOODS
United States District Judge